IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| IN RE | ) |
| | ) |
| PANACO, INC., | ) CASE NO. 02-37811-H3-11 |
| | ) |
| Debtor, | ) |
| | ) |
| STOLT OFFSHORE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) ADV. NO. 04-3734 |
| | ) |
| PANACO, INC., ET AL., | ) |
| | ) |
| Defendants. | ) |
| | ) |

MEMORANDUM OPINION

The court has considered "Panaco, Inc.'s Motion for Summary Judgment" (Docket No. 17). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Panaco, Inc. ("Panaco") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on July 16, 2002. A Chapter 11 plan was confirmed by order entered November 2, 2004 (Docket No. 1369, Case No. 02-37811-H3-11).

On September 28, 2004, Stolt Offshore, Inc. ("Stolt") filed the complaint in the instant adversary proceeding. In the instant adversary proceeding, Stolt seeks application of the doctrine of marshaling with respect to the platform located at East Breaks Block 165 ("EB 165"). Stolt asserts that its claim is secured by the EB 165 Platform, that the claim of Mid River, LLC is oversecured by assets, including the EB 165 platform, and that Mid River could satisfy its claim from the assets other than the EB 165 platform.

In the instant motion, Panaco seeks summary judgment determining that Stolt is not secured in the EB 165 platform. The instant motion is supported by the affidavit of Roy Lee Williams, who was previously Production Superintendent of Panaco, stating that "Stolt was not engaged or authorized to perform any work on or to provide any materials for the East Breaks 165 platform."

## Conclusions of Law

Section 56.002 of the Texas Property Code provides that a mineral contractor or subcontractor has a lien to secure payment for labor or services related to the mineral activities. Section 56.003 of the Texas Property Code provides:

> (a) The following property is subject to the lien:
>
>> (1) the material, machinery, and supplies furnished or hauled by the lien claimant;

2

> (2) the land, leasehold, oil or gas well, water well, oil or gas pipeline and its right-of-way, and lease for oil and gas purposes for which the labor was performed or material, machinery, or supplies were furnished or hauled, and the buildings and appurtenances on this property;
>
> (3) other material, machinery, and supplies used for mineral activities and owned by the owner of the property listed in Subdivision (2); and
>
> (4) other wells and pipelines used in operations related to oil, gas, and minerals and located on property listed in Subdivision (2).
>
> (b) A lien created by performing labor or furnishing or hauling material, machinery, or supplies for a leaseholder does not attach to the fee title to the property.

Tex. Prop. Code § 56.003.

Panaco argues that the lien attaches "only to the particular lease on which the work was done or for which the materials were furnished," citing Big Six Oil Co. v. West, 136 S.W.2d 950 (Tex. Civ. App.--Fort Worth 1940). In Big Six, Big Six contracted with West to clean out wells in an area. West cleaned out wells on two mineral leases, but did not clean any wells on the third lease. West asserted liens against all three leases. The court held that, because West had not worked on the third lease, he was not entitled to a lien on that lease.

Stolt argues that the property for which the labor was performed was the EB 165 platform, because the work Stolt performed "involved abandonment and other work related to the pipeline running from the High Island A 587 #1 and 2 Wells

3

through East Breaks block 165 to the East Breaks 165 platform. As part of that work, the pipeline was flushed back through East Breaks block 165 to the East Breaks 165 Platform and then the pipeline was capped."

Big Six is inapposite to the instant case, in that in Big Six, the work which West performed clearly was of no benefit with respect to the third lease, on which he had not worked.  In the instant case, the question of whether the EB 165 platform was property "for which the labor was performed or material, machinery, or supplies were furnished or hauled, and the buildings and appurtenances on this property," within the meaning of Section 56.003(a)(2) of the Texas Property Code, is a genuine issue of material fact which precludes summary judgment.

Based on the foregoing, a separate Judgment will be entered denying "Panaco, Inc.'s Motion for Summary Judgment" (Docket No. 17).

Signed at Houston, Texas on May 18, 2006.

LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE